[No. 3237.  Jan. 4, 1929.]

CORNEIL v. MORRISON.

· [274 Pac. 50.]

Renehan & Gilbert, of Santa Fe, for plaintiff in error.

· D. J. Leahy, òf East Las Vegas, for defendant in error.

OPINION OF THE COURT

WATSON, J.  This is a proceeding under chapter 32, Laws of 1923.  It was tried without a jury.  The trial court made findings, and adjudged plaintiff in error to be the father of the child of defendant in error, and imposed upon him payment of $15 as a contribution to the expense of birth, $100 as one-half of the cost of the support of the child to the date of the hearing, and $12.50 per month for the support of said child until it should reach the age of 16 years, or until further order of the court.

Plaintiff in error offered to prove by a fellow employee of defendant in error that, some 10 or 11 months before the birth of the child, defendant in error had·told

the witness that she had been in Santa Fe with another man, and showed the witness pictures taken by them on the trip. We need not consider the contention that conduct with another man was admissible as bearing upon the question of paternity. That was not the point of the ruling. Counsel announced that the evidence was offered as impeaching, and the court ruled that proper foundation had not been laid.. It is not here contended to the contrary.

We cannot sustain the contention that the adjudication of paternity is not supported by a preponderance of the evidence. If, as admitted by defendant in error, corroboration of her testimony was essential, we find sufficient corroboration in the record.

Objections here made to questions propounded relative to property owned by the plaintiff in error are without merit. If the questions were objectionable, the answers were not prejudicial.

To satisfy the requirements of form, the qualification of the witnesses who testified as to the expense of supporting a child might have been more carefully shown. We cannot doubt, however, that they were reasonably qualified to give such testimony. The moderate monthly payments imposed upon plaintiff in error do not indicate any prejudice from this source.

The judgment will be affirmed and the cause remanded.

It is so ordered.

BICKLEY, C. J., and PARKER, J., concur.